UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRIUS TYLER, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PX-21-3163 |
| WARDEN H. ALLEN BEARD JR., | * | |
| Respondent. | * | |
| | *** | |

## MEMORANDUM OPINION

Darrius Tyler, an inmate at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"), brings this Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, contending that the Federal Bureau of Prisons ("BOP") has improperly denied him good time credits in violation of the First Step Act of 2018 ("the FSA"). ECF No. 1. In response, Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 4. Having reviewed the pleadings, and finding no hearing necessary, *see* Md. Loc. R. 105.6, the Court GRANTS Respondent's motion and DISMISSES the Petition.

On April 8, 2019, the United States District Court for the Western District of Virginia sentenced Tyler to 84 months imprisonment and five years of supervised release for violating federal drug laws. ECF No. 4-2 at 9. Tyler's current projected release date is April 19, 2023. ECF No. 4-2 at 2.

The FSA allows inmates to earn additional time credit for participation in certain programming. *See Llufrio v. Johns*, Civil Action No. 5:19-cv-122, 2020 WL 5248556, at *2 (S.D. Ga. Aug. 13, 2020); *see also* 18 U.S.C. § 3621(h). The BOP implements the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN") to identify each inmate's needs and risk profile related to possible recidivism. An inmate can then participate need-specific programming to earn credit toward early placement in pre-release custody. *See* "The First Step Act of 2018:

Risk and Needs Assessment," available at https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf (last visited July 27, 2022). However, an inmate cannot begin to earn such credit until he serves a certain portion of his sentence and attains either a low or minimum risk level on PATTERN. *See id.* at 4.

The Petition principally contends that the BOP refused to award any credit under the FSA for Tyler's food service job. ECF No. 1. Although the BOP initially did not award credits for this kind of job, Respondent acknowledges that the BOP has since amended its guidelines to permit such an award.[2] ECF No. 6. Nonetheless, Respondent argues that Tyler cannot receive such credits at all until he reaches a low or minimum PATTERN score. ECF No. 2; *see also*, *Knight v. Bell*, 2021 WL 1753791, at *4 (D. Md. May 4, 2021) (finding petitioner ineligible to use good time credits to reduce his sentence because his PATTERN score showed a high-risk recidivism level). Tyler does not dispute that he currently holds a high-risk recidivism level on PATTERN, and so he is ineligible receive credits under the FSA.[3] Accordingly, because Tyler's PATTERN score currently renders him ineligible for good time credits under the FSA, the Petition must be denied and dismissed.

When this Court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed

---

[2] 28 C.F.R. § 523.42(b)(3), effective January 19, 2022, states that "[a]n eligible inmate, as defined in this subpart, may earn FSA Time Credit if he or she is successfully participating in EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment on or after January 15, 2020."
[3] The Court advised Tyler of his right to be heard on the motion, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975) (ECF No. 5), but he did not file any responsive pleading.

further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Tyler fails to meet this standard. Accordingly, a Certificate of Appealability shall not issue.

      A separate Order follows.

| | |
|---|---|
| 8/9/22 | /S/ |
| Date | Paula Xinis<br>United States District Judge |